Gary **THORNSBERRY, Plaintiff,**

v.

**WESTERN SURETY COMPANY, et al., Defendants.**

Civ. A. No. 87–398.

United States District Court, E.D. Kentucky, at Pikeville.

April 12, 1990.

---

Ned B. Pillersdorf, Stumbo, DeRossett & Pillersdorf, Prestonsburg, Ky., Darrell Hall (co-counsel), Whitesburg, Ky., for plaintiff.

John M. Stephens, Stephens & Wilson, Pikeville, Ky., for defendant-Western Sur. Co.

## MEMORANDUM OPINION
## AND ORDER

FORESTER, District Judge.

This matter is before the Court upon the motion of defendant, Western Surety Company ["Western"], for judgment on the pleadings. The plaintiff has filed a response objecting to the motion to which the defendant has filed a reply. The motion concerns liability on a fidelity bond issued by Western.

### BACKGROUND

The plaintiff originally brought this action against the defendants, Tommy Engle ["Engle"] and the City of Martin ["Martin"], under 42 U.S.C. § 1983 for violation of plaintiff's civil rights. The trial of this matter began on March 22, 1989. At the conclusion of the plaintiff's evidence, this Court directed a verdict in favor of the defendant Martin. The Court concluded that plaintiff's evidence was insufficient as a matter of law to establish a "custom or policy" as required to impose liability upon a municipality under § 1983.

The jury returned a verdict in favor of the plaintiff as to the defendant Engle and answered special interrogatories propounded by the Court in its instructions. The jury found that Engle had violated plaintiff's civil rights. Thus, as a vindication of plaintiff's civil rights, the jury awarded damages in the amount of $9,000. The Court entered judgment in favor of the plaintiff against Engle for $9,000 based upon the findings of the jury. This judgment is now final.

After reducing his claim against Engle to judgment, plaintiff filed an amended complaint adding Western as a party. Plaintiff seeks recovery on a fidelity bond issued by Western. In the fidelity bond, Engle is named as principal and Western as surety. The bond binds Engle and Western to the City of Martin, as obligee, in the penal sum of $5,000. The bond notes that Engle serves in the "office of Police Officer in the

City of Martin" and provides that "if the said Principal shall faithfully perform the duties of his said office, then this obligation shall be void and of no effect, otherwise to remain in full force and effect."

### DISCUSSION

The plaintiff is attempting to assert a claim against the fidelity bond on the basis of being a third party beneficiary. Western argues there is no nexus or privity of contract, however, this assertion is meritless if the bond was obtained to provide a resource for those in the posture of plaintiff. If the bond indemnifies persons in the position of plaintiff, his standing as a third party beneficiary would then be sufficient to assert a claim against the bond.

The issue posed in Western's motion for judgment on the pleadings is whether the fidelity bond exists to indemnify those in the public, like the plaintiff, who have incurred damages because of the improper acts of Engle during performance of his duties as a police officer, or whether the bond serves to indemnify liabilities suffered by the obligee, City of Martin, on account of the acts of Engle. Western argues that under principles of common law the bond only indemnifies Martin as obligee on the bond for actual losses sustained by Martin.

In its supporting memorandum, Western highlights an important point in understanding the extent of its obligation under the instant fidelity bond. There is a notable distinction between "official or statutory" bonds and bonds obtained like any other contract of insurance. The Kentucky Constitution mandates the procurement of official bonds for certain elected officials, as the General Assembly may direct.[1] The General Assembly has statutorily provided for acquisition of official bonds for certain "officers" within the Commonwealth of Kentucky.

---

1. "The judges of county courts, clerks, sheriffs, surveyors, coroners, jailers, constables, and such other officers as the general assembly may, from time to time, require, shall before they enter upon the duties of their respective offices, and as often thereafter as may be deemed proper, give such bond and security as may be prescribed by law." KY. CONST. § 103.

§ 83A.010 of the Kentucky Revised Statutes, without specifying or defining "policeman," defines "officer" and provides for an official bond "if required by proper authority." "Officer" is defined as any person who, among other things, "has duties performed independently and without control of a superior power other than law." KY.REV.STAT. § 83A.010(9)(d). This would apparently embrace persons appointed as city policemen like Engle.

However, the General Assembly requires an "official" bond to "be a covenant *to the Commonwealth of Kentucky* from the principal and surety or sureties that the principal will faithfully discharge his duties...." KY.REV.STAT. § 62.060(1) (emphasis added). The same statute also provides that "[a] bond or obligation taken in any form other than that required by subsection (1) shall be binding on the parties thereto *according to its terms.*" KY. REV.STAT. § 62.060(2) (emphasis added). Therefore, even if the bond is not an official bond it is nevertheless valid as a common law obligation, to be enforced "according to its terms."

The principal, if not the only, difference between the two types of bonds ("official" or common law variety) significant to this case is the identity of the obligee. According to § 62.060 the obligee in official or statutory bonds is the Commonwealth of Kentucky. In the instant case, the obligee is the City of Martin, and the bond is taken—not to protect the public generally, like a statutory officer's bond—but to indemnify the City of Martin for its losses due to Engle's defaults and lack of fidelity as an employee of the City. As a common law bond it must be construed strictly, "according to its terms."

The bond, as a common law obligation, shows no undertaking on the part of the surety in favor of, or commitment of any kind to, plaintiff. Therefore, under common law principles, there is no nexus or privity of contract between plaintiff and Western. The sole obligee is the City of

Martin, and if Martin has suffered no loss then the surety cannot be liable.

Common law principles govern interpretation of this fidelity bond, and a review of the law pertaining to fidelity bonds reveals the extent of the obligation:

In an action to recover on a fidelity bond, a surety or insurer has a number of available defenses....

It is elementary that a surety or insurer on a fidelity bond is not liable unless the insured employer actually suffers a loss....

35 AM.JUR.2D *Fidelity Bonds and Insurance* § 39, at 530 (1967) (footnotes omitted). The Supreme Court of Kansas has succinctly explained the operation of a fidelity bond:

A fidelity bond is an indemnity insurance contract whereby one for consideration agrees to indemnify the *insured* against loss arising from the want of integrity, fidelity or honesty of employees or other persons holding positions of trust. Such a contract is considered to be one on which *the insurer is liable only in the event of a loss sustained by the insured.* It is direct insurance procured by him in favor of himself, as contrasted with bonds running to the benefit of members of the public harmed by the misconduct of the covered individual, which bonds are third-party beneficiary contracts.

.   .   .   .   .

"It has been held that there can be no recovery on a fidelity bond *in the absence of loss or damage to the insured,* and lack of any pecuniary loss *by the obligee* from the wrongful acts constitutes a good defense, since in such case no recovery can be had."

*Ronnau v. Caravan Int'l Corp.,* 205 Kan. 154, 159, 468 P.2d 118 (1970) (emphasis added) (quoting 13 COUCH ON INSURANCE 2D § 46:219, at 253).

Thus, since the plaintiff recovered a judgment against Engle solely in his personal capacity and not in his official capacity nor against the City of Martin,[2] the

**2.** The Court granted Martin's motion for directed verdict dismissing Martin at the close of the plaintiff's proof.

plaintiff cannot recover against the fidelity bond since it only insures actual losses sustained by the City of Martin. *Cf. McConnell v. Adams,* 829 F.2d 1319, 1329 (4th Cir.1987) (insurance policy providing personal liability indemnity did not afford coverage where judgment was against employees in their official capacities). *See also Kentucky v. Graham,* 473 U.S. 159, 165–66, 105 S.Ct. 3099, 3104–05, 87 L.Ed.2d 114 (1985) ("while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself").

The obligee has suffered no loss, the surety has incurred no liability, and the plaintiff, a perfect stranger to the contract, cannot state a claim against the surety. Therefore, it is hereby ORDERED:

1) that Western's motion for judgment on the pleadings is GRANTED;

2) that this matter is DISMISSED WITH PREJUDICE at the plaintiff's costs; and

3) that this matter is STRICKEN from the active docket.